Owen McGivern, J.
This is an article 78 (Civ. Prac. Act) proceeding by the tenants to review the determination of the Rent Administrator which granted the landlord an aggregate increase in rents under the 6% net return formula (State Rent and Eviction Regulations, § 33, subd. 5).
Upon a previous request for an increase, the application was denied on April 28, 1958 by the Local Rent Administrator and the landlord’s protest was denied.
*414 Subsequent thereto, the landlord commenced an article 78 proceeding to review such determination. At the request of the Administrator the proceedings were remitted for further consideration. The proceedings were reopened and protest reconsidered, with all parties present.
The first question presented is whether the respondent Administrator was correct in using the full purchase price in view of the fact that the property bought consisted of two properties, the predominant building being a 13-story elevator building, containing approximately 80 apartments, and a subsidiary building, a three-story walk-up with 9 apartments. The average monthly room rental for apartments in both buildings is similar, being approximately $50 per room.
The tenants contend that this was a “package deal ” and that there is no readily ascertainable purchase price and, therefore, the purchase price cannot be used as a base. However, there is no definition, in the law or in the rules pertaining thereto, as to what constitutes a “ package deal.” A “ package deal ” is an exception to the mandatory use of the sales price in determining a fair net return. It therefore comes within the sole discretion of the Administrator to determine in each case whether the transaction is or is not a “package deal” within the intention of the statute.
The tenant further urges that upon a previous application the commission found the transaction to be a “ package deal ”; that upon the application to review such determination and upon reconsideration after the matter was remitted, the landlord waived his right to any increase from the tenants of walk-up apartments as an inducement for fair consideration. It is further stated that this waiver places an additional burden upon the petitioners.
The court does not find that this waiver was improper, and it is not shown that petitioners were harmed by such waiver.
Accordingly, the court further finds that the Administrator did not abuse his discretion in determining that the transaction was a bona fide sale.
Upon the question of essential services, it was found by the Administrator that most of the complaints were trivial. As to the major complaint relating to elevator service and doorman service, the Administrator found that such condition existed for some time, and that the tenants had done nothing about it in the intervening years, and hence it would be considered marginal but not essential service. Such reasoning has been upheld by our courts in Matter of Dicmac Holding Co. v. Weaver (10 Misc 2d 121, affd. 4 A D 2d 859) and Matter of *415 Kerbs v. Weaver (15 Misc 2d 99, affd. 7 A D 2d 839, affd. 6 N Y 2d 781).
Doorman service was restored, to the extent previously given, as of May 11,1959.
The final order adjusting rents was issued June 29, 1959.
Since the Administrator found that the landlord was maintaining essential services as of the date of the issuance of the order adjusting maximum rent, it was within his discretionary power to grant it retroactively. (Matter of Ackerman v. Weaver, 6 N Y 2d 283.)
The facts herein warrant his finding that at the time of the issuance of order, essential services had been maintained. The court cannot substitute its judgment for that of the Administrator (Matter of Bromberg v. McGoldrick, 281 App. Div. 1038, 282 App. Div. 714, affd. 306 N. Y. 690; Matter of First Terrace Gardens v. McGoldrick, I N Y 2d 1).
In Matter of Neulist v. Weaver (2 A D 2d 530, affd. 2 N Y 2d 889) the court held that orders rendered by the State Administrator on protest speak as of the date of the Local Administrator’s order.
The final objection advanced by petitioners refers to the projection of increased expenses which were not in effect at the time of filing of the application.
Our courts have held on several occasions that an increase in expense which was required as a result of hiring new employees as a result of the reduction in work week should be projected into consideration during the pendency of a protest proceeding. (Matter of Tishman Realty & Constr. Co. v. Abrams, 152 N. Y. S. 2d 584, affd. 1 A D 2d 800.)
Accordingly, the application is denied and the petition is dismissed.